IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) KERRY SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 21-cv-00143-JED-JFJ |
| v. | ) | |
| | ) | |
| (1) GRAND LAKE MENTAL HEALTH CENTER, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, KERRY SHAW, files this action against Defendant, GRAND LAKE MENTAL HEALTH CENTER, INC., and by way of complaint against Defendant alleges the following:

**I.  Nature of Action**

1.1     This jury action seeks redress for Defendant's violation of the laws of the United States and the State of Oklahoma in connection with the termination of Plaintiff's employment.  The action specifically seeks to enforce rights created under the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et. seq*.  As redress for Defendant's violation of the FMLA, Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement or, in the alternative, front pay, liquidated damages, and attorney fees and costs.

## II.  Jurisdiction and Venue

2.1     This Court has jurisdiction over Plaintiff's FMLA claim brought under federal law and this suit is authorized and instituted pursuant to 29 U.S.C. § 2617(a)(2).

2.2     At all times material to this action, Plaintiff was an employee who had been employed for at least 12 months by Defendant and worked for at least 1,250 hours of service with Defendant during the previous 12 month period within the meaning of 29 U.S.C. § 2611(2)(A).

2.3     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court, and because Defendant resides within the judicial district of this Court.

2.4     Plaintiff was an "employee" of Defendant, and Defendant was the "employer" of Plaintiff, within the meaning of 29 U.S.C. § 2611 (2)(A) and (4)(A) of the FMLA.

2.5     All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.

## III. Parties

3.1     Plaintiff is a female citizen of the United States and a resident of Washington County, Oklahoma.

3.2     At all times material to this action, Defendant has continuously been and is a domestic not for profit corporation registered to do business in the State of Oklahoma.

Service of this Original Complaint and Demand for Jury Trial may be accomplished by serving its registered agent: Donna Aultz, 115 West Delaware, Nowata, OK  74048.

## IV.  Background Facts

4.1     Defendant provides inpatient and outpatient mental health treatment and behavioral services for all ages in northeast Oklahoma.  Defendant's inpatient services are provided by contract at other facilities.

4.2     On or about May 6, 2019 Defendant hired Plaintiff for the position of Care Coordinator.  Throughout her employment she always met or exceeded her performance expectations.

4.3     In her position, Plaintiff counseled children with behavioral or mental health challenges.

4.4     Plaintiff's immediate supervisor was Amber Thompson.

**Serious Health Condition**

4.5     In April 2020 Plaintiff tore the rotator cuff in her shoulder.

4.6     Plaintiff's physician diagnosed and advised of need for surgical repair.

4.7     Plaintiff notified Supervisor Thompson of her diagnosis and plans for surgical repair on her shoulder.

4.8     Plaintiff continued to work at her position with her injury and took leave for treatment from her physician.

4.9     Plaintiff used accrued leave for physician appointments for treatment of her shoulder and obtained a surgery date of May 29, 2020.

4.10    Her physician advised she would need a period of full day leave from work to recover from her surgery and intermittent leave for a regimen of physical therapy.

4.11    Plaintiff advised Supervisor Thompson of her surgery date and leave following surgery.

4.12    Plaintiff then communicated with Angela Hicks, Human Resources, regarding her leave for surgery and recovery to begin May 29, 2020.

4.13    Defendant approved Plaintiff for leave beginning May 29, 2020.

**FMLA Qualified Leave**

4.14    On or about May 29, 2020 Plaintiff underwent surgical repair of her shoulder.

4.15    Plaintiff thereafter began leave to recover from her surgery for approximately 3 weeks.

**FMLA Leave Request**

4.16    During her leave in treatment of her shoulder, pre and post-operative, Defendant did not offer or notify Plaintiff of leave under the Family and Medical Leave Act.

4.17    On June 15, 2020, Plaintiff's treating physician completed a Certification of Health Care Provider for Employee's Serious Health Condition ["Certificate"] certifying need for leave from May 25, 2020 to approximately August 21, 2020.

4.18    Plaintiff further provided a release of treatment records to Defendant.

4.19    The Certificate was transmitted to Defendant.

4.20    Plaintiff took approximately 3 weeks of full day leave from work beginning May 29, 2020 to recover from her surgery and returned to her position.

4.21    After Plaintiff returned to her position, Plaintiff took intermittent leave of approximately a few times a week for about one hour for physical therapy ordered by her physician as part of her recovery.   Plaintiff also took a few full day leave for follow up appointments with her physician.

4.22    Plaintiff returned to her position after each leave.

4.23    Plaintiff also provided to Supervisor Thompson her therapy schedule for advance notice of intermittent leave.

**Termination**

4.24    On or about November 9, 2020 Supervisor Thompson criticized Plaintiff that her time missed for physical therapy was adversely affecting her billed hours each day and, if she continued missing work, she would get HR involved.

4.25    Plaintiff believed that she was being set up for termination for future leave for physical therapy and later inquired with her Supervisor Thompson if she should look for work elsewhere.

4.26    Plaintiff continued to work her shift each day and take intermittent leave.

4.27    On or about November 13, at the end of the workweek, Stephanie Horn, HR, ended her employment immediately.

4.28    At her termination, Plaintiff was still taking intermittent leave for physical therapy and follow visits and was not looking for work elsewhere.

4.29    Based upon information and belief, Defendant never administered her leave, full or intermittent, under the FMLA.

## COUNT I:   FMLA

**(Interference, Restraint or Denial of FMLA rights)**
**(Retaliation for Requesting and taking FMLA leave)**

5.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.29 of this Original Complaint.

5.2     Plaintiff worked for Defendant at least twelve months and Defendant has continuously employed and does employ fifty or more employees within the meaning of 29 U.S.C. Section 2611(2).

5.3     All conditions precedent to the prosecution of this cause of action by Plaintiff has been satisfied.

5.4     At all times material to this action, Defendant has retaliated and/or interfered with, restrained, and denied to Plaintiff the exercise of and attempted exercise of rights under Section 2615(a)(1) of the FMLA by Defendant's action and omissions including but not limited to the following:

  a. Failing to notify Plaintiff of decision to designate her leave under FMLA leave, full or intermittent, after receiving sufficient information from Plaintiff of FMLA-qualifying reasons. 29 C.F.R. § 825.301 (a)

  b. Failing to notify Plaintiff of eligibility for FMLA leave within 5 days after Plaintiff's request. 29 C.F.R. § 825.300 (b)  & (d)(2)

    c.   Criticizing Plaintiff for taking intermittent FMLA leave for physical therapy.

    d.   Threatening formal discipline for taking future intermittent FMLA-qualified leave for physical therapy.

    e.   Terminating Plaintiff's employment.

5.5    As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been damaged by the loss of her employment with Defendant and the loss of compensation, including salary and employee benefits, she would have received as an employee of Defendant had her rights under the FMLA not been interfered, restrained or denied or been retaliated for her exercise and/or attempted exercise of FMLA rights.

5.6    In violating the FMLA, Defendant acted with malice and with reckless indifference to the federally protected rights of Plaintiff within the meaning of 29 U.S.C. § 2617 (a)(1)(A)(iii) of the FMLA.

5.7    As a direct and proximate cause of the violations of the FMLA, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

## Prayer for Relief

WHEREFORE, PLAINTIFF prays that this Court:

1.    A judgment that Defendant has engaged in all of the conduct alleged in this Original Complaint, and that Defendant has, by engaging in such conduct, violated the FMLA.

2.      An injunction permanently enjoining Defendant from engaging in the future the discriminatory employment practices alleged in this Original Complaint.

3.      A judgment against Defendant awarding Plaintiff an amount equal to the lost wages and employment benefits had she not been terminated by Defendant in violation of the FMLA.

4.      An order reinstating Plaintiff to the position, seniority and level of compensation, including salary, bonuses and benefits, she would have enjoyed had she not been terminated by Defendant in violation of the FMLA, or, in the alternative, a judgment awarding Plaintiff an amount equal to the front pay, including salary, bonuses and benefits, she would have received, from the date of judgment through the date she would have retired or resigned from employment at Defendant.

5.      Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided in 29 U.S.C. § 2617 (a)(1)(A)(iii);

6.      A judgment against Defendants awarding Plaintiff compensatory damages as redress for Defendants' unlawful conduct;

7.      A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

8.      A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,

S/Jeff Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd
Oklahoma City, OK  73118
Telephone:   (405) 286-1600
Telecopy:    (405) 842-6132

COUNSEL FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of her claims in this action.

s/ Jeff A. Taylor
Jeff A. Taylor